HOWLAND, receiver, &c. *vs.* CUYKENDALL.

Upon a premium note given to a mutual insurance company, payable " in such portions and at such time or times as the directors may agreeably to their charter and by-laws require," the liability of the maker is not absolute, but conditional, depending upon the necessities of the company and the demand of its officers.

The cause of action upon such a note is not perfect until an assessment has been made upon it, and notice thereof given to the maker; and an action thereon will not be barred by the statute of limitations, until six years from that time.

THE claim of the plaintiff as receiver of the New York Protection Insurance Company, against the defendants, was referred, upon the application of the receiver, to G. H. Lynch, in pursuance of "An act to facilitate the closing up of insolvent and dissolved mutual insurance companies," passed April 21, 1862. The claim was on a premium note dated August 3d, 1850, for $165, payable " in such portions and at such time or times as the directors of said company may agreeably to their charter and by-laws require." The defendant's policy, which was the consideration of the note, was for five years, expiring August 3, 1855. The company failed, and became insolvent in January, 1853. All the losses for which the company became liable occurred after August, 1850. In August, 1853, a receiver was appointed of the effects of the company, with the usual powers of receivers in such cases, who was superseded by the plaintiff, appointed in his place, September 18, 1855. In May, 1860, on the application of a creditor, the plaintiff was directed to assess all the notes in his hands to their full amount and to collect them. On the 12th of August, 1862, the assessment was made and notice given to the defendants. Upon these facts judgment was given for the plaintiff, from which the defendants appealed.

*George Rathbun*, for the appellants.

*B. J. Beach*, for the respondent.

Howland *v.* Cuykendall.

*By the Court,* ALLEN, J.    The only objection to the recovery, taken upon this appeal, is founded upon the statute of limitations ; and it is claimed that more than six years had elapsed after the accruing of the cause of action, before the commencement of these proceedings, November, 1862.    The liability of the defendants, upon their note, was not absolute but was conditional, depending upon the necessities of the company, and the demand of its officers.    They could only be called upon to pay on an assessment made to meet the exigencies of the company, and an assessment could only be made when required to pay losses or the current expenses ; and before an action could be brought, that is, before a cause of action could accrue upon the note, notice of the assessment was required to be given and demand of payment made. (2 *R. S. 5th ed.* 757, § 44.)    The note was only payable upon actual demand after the happening of the contingency upon which it was authorized to be made, and upon performance of the conditions precedent by the holders of the note.    By law the power and the duty of making the assessments was transferred, upon the insolvency and dissolution of the company, from the directors to the receiver ; and neither could bring an action without first making the assessment and demand. (*Savage* v. *Medbury,* 19 *N. Y. Rep.* 32.    *Laws of* 1852, *ch.* 71.)    The cause of action does not accrue until suit may be brought without further act on the part of the plaintiff.    The cause of action was only perfect August 12, 1862, and from that time the statute only commenced to run.    Had the plaintiff brought suit on the note on the 11th of August, or even after the 12th of August, and before personal demand of the defendants, he would have failed.    This answers the only objection taken to the judgment, upon the appeal, and judgment of affirmance with costs must be given.

[OSWEGO GENERAL TERM, July 14, 1863.    *Allen, Mullin, Morgan* and *Bacon,* Justices.]