GEORGE T. BIGELOW & others *vs.* STILLMAN H. LIBBY.

Suffolk. March 24. — 31, 1875. AMES & DEVENS, JJ., absent.

The statute of limitations does not begin to run on a deposit note given by a member of a mutual insurance company, whereby he agrees to pay a sum certain, or any part thereof, "when required," and which, by its terms, is "part of the absolute funds of the company," until an assessment is laid.

CONTRACT by the receivers of the Union Mutual Fire Insurance Company to recover the amount due on the following deposit note signed by the defendant, and an assessment thereon : "Bos· ton, September 12, 1866. In consideration of policy No. 18,539, of even date herewith issued by the Union Mutual Fire Insurance Company, I promise to pay to said company, or the treasurer thereof, the sum of seventy-four and $\frac{25}{100}$ dollars, or any part thereof, when required, with interest from the first instant, till paid in full, this note being part of the absolute funds of said company." Writ dated November 6, 1873. Answer, the statute of limitations.

At the trial in the Superior Court, before *Pitman*, J., without a jury, it appeared that the company sustained losses by the fire of November 9, 1872, on account of which the assessment was laid on November 14 ; that no official statement of the amount of loss had been made ; and that the assessment had been ratified and confirmed by a decree of the Supreme Judicial Court. The judge ruled that the statute of limitations was not a legal bar to the plaintiffs' claim or any part thereof, and rendered judgment accordingly. The defendant alleged exceptions.

*C. S. Lincoln*, for the defendant.

*H. F. Buswell*, (*A. M. Howe* with him,) for the plaintiffs.

GRAY, C. J. The note in suit is not of the nature of a common promissory note payable on demand, upon which the bringing of an action would be a sufficient demand, and the cause of action would accrue as soon as the note was made. It is a deposit note, by which the maker, in consideration of a policy of insurance issued to him, promises to pay to the insurance company or its treasurer the whole or any part of the note when required ; the defendant was not bound to pay any part of the note until the company required him and other makers of similar notes to do so ; and the statute of limitations did not begin to run before the laying of an assessment. *Long Pond Ins. Co.* v. *Houghton*, 6 Gray, 77. *Appleton Ins. Co.* v. *Jesser*, 5 Allen, 446.

*Exceptions overruled.*