# Smith *versus* Bell, Receiver.

1. Upon an unconditional contract to pay a certain sum of money on demand a right of action accrues immediately, and the Statute of Limitations commences to run from the date of such contract. But where the contract is to pay upon the future performance of a condition or the happening of a contingency, no *right* of action accrues, nor does the Statute commence to run until the performance of the condition or the happening of such contingency.

2. Where, therefore, a member of a mutual insurance company contracts to pay the company his share of its losses and expenses occurring during the period of his membership, the amounts of such payments to be ascertained by one or more assessments to be levied by the directors of the company, no right of action accrues on such contract, nor does the Statute of Limitations commence to run thereupon until the assessments have been levied by the directors.

3. In such case, an action can be brought by the company upon such contract at any time within six years after the imposition of the assessment, even though such assessment be not levied until more than six years after the member's policy expired and his membership ceased.

[Smith v. Bell.]

4. In January, 1873, A. became a member of a mutual fire insurance company. In January, 1875, by the expiration of his policy, his membership therein ceased. By the company's charter and by-laws, members sustaining a loss were required to give notice to the company forthwith, and the company was compelled to pay the loss within 90 days thereafter, and if not paid within three months thereafter, an action could be brought for its recovery. A. paid no premium for his policy, but agreed "to pay for all losses or damages" . . . . . in proportion to the amount of his policy "annually, or as often as the directors may make assessments." A. paid three assessments, which the directors made in 1875, 1876, and 1880. In March, 1884, the company levied another assessment upon A. to pay for losses which had occurred during the term of his membership, which assessment A. refused to pay, claiming that under the Statute of Limitations he was not liable for any assessment made more than six years after the expiration of his policy. In an action by the insurance company against A. to recover the amount of said assessment:

*Held,* that the Statute of Limitations did not commence to run until the date of the assessment, and that, therefore, the plaintiff was entitled to recover.

October 15th, 1884. Before MERCUR, C. J., TRUNKEY, STERRETT, GREEN and CLARK, JJ. GORDON and PAXSON, JJ., absent.

ERROR to the Court of Common Pleas of *Mercer county:* Of October and November Term, 1884, No. 192.

This was an action of covenant brought by John Bell, Receiver of the Mercer County Mutual Fire Insurance Company against George K. Smith to recover the amount of an assessment, levied by the plaintiff upon the defendant, as holder of a policy of insurance in the said company.

The parties to the cause submitted the following case stated to the court in the nature of a special verdict:

The plaintiff is a mutual fire insurance company organized under the provisions of the Act of Assembly approved April 2d, 1856 (P. L. 211). On January 16th, 1873, the defendant became a member of said company by making application and receiving from the company its policy No. 95, in the sum of $2,000, executed under seal of said company, and insuring certain property against loss or damage by fire for two years from said date, the said policy expiring on January 16th, 1875. The said application was in writing, not under seal, and the defendant agreed therein, among other things, to comply, in all cases, with the provisions of the charter and by-laws of the plaintiff company. The third section of the charter of said insurance company is as follows:

"Section III. All persons who shall hereafter insure with the said corporation, and also their heirs, executors and administrators or assigns, continuing to be in said company, shall thereby become members for and during the period they shall so remain insured, and no longer." Under the charter

11 OUTERBRIDGE.—23

and by-laws of said insurance company it was the duty of a member sustaining a loss by fire to forthwith give notice to the secretary, and the duty of the company to adjust the loss within ninety days after such notice; and suit might be brought against the company if payment were withheld for more than three months after the company was notified of such loss. The plaintiff company took no premium note from the defendant, nor from any other applicant for insurance therein, but the defendant was liable to assessment upon his policy under the sixth section of the charter of the company, which is as follows:

"Section VI. Every member of said company shall be bound to pay for all losses or damages, and all necessary expenses accruing in said company, in proportion to the amount he or she may have insured in the different classes, annually, or as often as the directors may make assessments."

On December 21st, 1875, the directors of said insurance company made an assessment against the defendant on his said policy, No. 95, of $26. On November 2d, 1876, the directors made a second assessment against the defendant on his policy of $16.21. On April 13th, 1880, the said directors made a third assessment against the defendant on his said policy of $107.12, which three assessments the defendant paid to John W. Bell, Receiver of said insurance company, the last named assessment on September 29th, 1882. On October 25th, 1880, the said insurance company, being then insolvent and indebted to a large amount, and having ceased to do business, this court, on the application of certain creditors of said company, appointed John W. Bell, Receiver of said company, who thereupon took charge of the business and affairs of the company. On the 13th day of March, 1884, the said Receiver, in pursuance of an order of said court, made an assessment upon the policy holders of said insurance company for the purpose of paying the indebtedness of the company, which previous assessments had failed to meet. In this assessment the defendant is assessed the sum of $50 on his said policy No. 95. This assessment of $50 made against the defendant was made in accordance with the charter and by-laws of the said insurance company to pay losses and expenses lawfully incurred by the said company between January 16th, 1873, and January 16th, 1875, while the defendant was a member of said company, remaining unpaid at the date of said assessment, and said sum of $50 does not exceed the defendant's proportion of such losses and expenses. Due notice of said assessment was given to the defendant, as was required by the charter and by-laws of the company. The defendant denies his liability to pay said assessment of $50, because it was not

[Smith *v.* Bell.]

made within six years from the expiration of his policy, and claims that the Statute of Limitations is a bar to a recovery against him.

The case is to be treated and considered as if suit had been regularly brought against the defendant to recover the amount of said last mentioned assessment, and he had formally pleaded the Statute of. Limitations as a bar to any recovery against him. If the court be of opinion that, under the above stated facts, the plaintiff is entitled to recover, then judgment to be entered in favor of the plaintiff for the sum of fifty dollars, but, if not, then judgment to be entered in favor of defendant. The costs to follow the judgment, and either party to have the right to sue out a writ of error thereon without oath or recognizance.

The court (MEHARD, P. J.), filed the following opinion :

The learned counsel for the parties to this suit have not argued the case before the court, nor submitted briefs of their respective positions and authorities. It is claimed, however, on behalf of defendant, that the Statute of Limitations is a bar to plaintiff's recovery under the admitted facts, and in support of this the learned counsel for defendant cites Pittsburg and Connelsville R. R. Co. *v.* Byers, 32 Pa. St. R. 22 ; McCully *v.* Pittsburgh and Connelsville R. R. Co. 32 Pa. St. 25 ; and Pittsburgh and Connelsville R. R. Co. *v.* Graham, 36 Pa. St. R. 77. In the cases cited it was held that as between the railroad company and a stockholder, by analogy to the Statute of Limitations, where work on a railroad had not been prosecuted according to the requirements of the Act of Incorporation, and no calls had been made within six years from the date of the subscription for stock, a presumption of abandonment of the enterprise arose in favor of the subscriber, and that the lapse of six years was a bar to the remedy by call and to a suit to recover the instalments so called for. The language of Justice WOODWARD, in delivering the opinion of the court, was, " Under this charter the company were bound, from analogy to the Statute of Limitations, to call in payments on stock subscriptions within six years after their date ; or if the delay was not satisfactorily accounted for, subscribers would be at liberty to consider the enterprise abandoned and their subscriptions cancelled " : McCully *v.* The Pittsburgh and Connelsville R. R. Co., 32 Pa. St. R. 30. There is so marked a difference between a company seeking to enforce a subscription to its capital stock for the purpose of constructing a railroad after the enterprise has laid dormant for an unreasonable length of time, and a mutual insurance company seeking to collect the equitable proportion of losses

[Smith *v.* Bell.]

sustained during the continuance of a member's policy, that principles applicable to one case can hardly govern the other. In the cases cited the principle applied, as I understand it, is this: That as the company abandoned the purpose for which the shares had been subscribed, the consideration of the subscriptions failed, and hence the subscriptions could not, under the terms of the implied contract, be enforced. The use made of the Statute of Limitations was in establishing a reasonable time for the company to undertake the enterprise in good faith, and after the lapse of which without such undertaking an abandonment would be presumed. If the principle of those cases is correctly apprehended, notwithstanding the analogy drawn from the Statute of Limitations, the defendants were released, not by the bar of the Statute, but under the terms of their contract.

In the case now under consideration the defendant's policy expired January 16th, 1875. Thereafter two assessments were made by the directors, which defendant paid. Again on April 13th, 1880, the directors levied another assessment, which defendant paid on September 29th, 1882, to the Receiver of plaintiff company. These payments are a feature in this case wholly absent in the cases cited by the learned counsel for defendant, and are inconsistent with the adversary attitude or claim of hostility implied in the plea of the Statute of Limitations. In view of the payments I think it unnecessary further to consider the defence raised by the plea in this case.

It is therefore ordered that judgment be entered in favor of the plaintiff and against the defendant for fifty dollars and costs.

The defendant took this writ of error, assigning as error the entry of judgment for the plaintiff.

*J. G. Elliott* for the plaintiff in error.—By the charter and by-laws of this insurance company it was the duty of a member to give notice of his loss forthwith, and the duty of the directors to adjust the loss within ninety days after such notice. We must, therefore, assume that all losses occurring during the life of the plaintiff's policy were adjusted within ninety days after the expiration of said policy, *i. e.*, before April 16th, 1875, at or before which all losses should have been paid. We therefore submit that the insurance company was, on April 16th, 1875, prepared, and had the right to assess the defendant for his proportion of all losses occurring during his membership; that it was the duty of the company to make such assessments at once, and that it was bound to make all its demands against him within six years from that date, or be thereafter forever barred. In Laforge *v.* Jayne, 9

Barr 412, it was said, following the case of Codman v. Rogers, 10 Pick. 112, that "in the judgment of this court, *on grounds of public policy*, to accomplish the true intent of the statute, as well as on the authority cited, if a demand was necessary before the running of the statute commenced, that demand ought to have been made within six years of the date of the lending." This rule is fully sustained by the reasoning of WOODWARD, J., in Pittsburgh & Connellsville R. R. Co. v. Byers, 8 C. 22, a case of subscriptions to the stock of a railroad company. Other and greater reasons may be urged against enforcing payment of an assessment of a mutual insurance company than against a subscription to the stock of a railroad company, especially when there is no deposit or premium note given to limit the extreme liability of the assured. A subscription to stock is definite in amount, and is just what the subscriber expects to pay when called upon, and cannot be enlarged beyond that amount to his injury. The liability of a member of a mutual insurance company depends, however, upon many circumstances and contingencies. The defendant ceased to be a member of the company on January 16th, 1875, and after that had no protection from, knowledge of, or control over the company. It was the duty of the company to make prompt and ample assessments to cover all losses, and on their refusal or neglect of this duty, it was in the power of its creditors to compel payment of their claims: Bunn's Appeal, 9 Out., 49; Scovill v. Thayer, 15 Otto 155. The small assessments of 1875 and 1876 appear to have been made promptly enough, allowing for time for collections, but after this there was an interval of over three years—a delay unaccounted for and unreasonable—and no creditor intervened till nearly six years had elapsed after the defendant ceased to be a member of the company. Who is to suffer for this negligence and delay, the defendant who had no knowledge or power in the premises, or the creditors, who could have compelled satisfaction of their claims, but did not? Under these circumstances, why should not the defendant be entitled to the benefit of his plea of the Statute of Limitations? That plea is no longer considered an unconscionable one: Herman v. Rinker, 10 Out. 121.

We do not contend strictly for the rule that where a demand is necessary before the running of the statute, it must be made within six years from the date of the contract, but we insist that the demand ought to be made within six years from the time the contract might and should have been enforced by demand and action. If the statute should avail to relieve a person from his own absolute and certain debts, by how much the greater reason should it avail to relieve him

from an uncertain obligation dependent upon so many acts, omissions and contingencies of which he has no knowledge, and over which he can have no control: Todd's Appeal, 12 H. 431. From a rule so wholesome we can see no reason to depart in this case. We have been unable to find definite decisions in other states to vary the rule as above stated, in similar cases: Howland *v.* Cuykendall, 40 Barb. 320; Bigelow *v.* Libby, 117 Mass. 359, and Scovill *v.* Thayer, 15 Otto 143, only decide that the statute does not begin to run in cases like this until after assessment laid. In these cases, the point which we make in this case was not raised, nor would the facts have warranted it. The Railroad Co. *v.* Byers, 8 C. 22, following Codman *v.* Rogers, 10 Pick. 112, and Laforge *v.* Jayne, 9 Barr 410, went further than those cases, and decided that the demand necessary before bringing suit must be made within six years from the date of the contract: See also Morrison *v.* Mullin, 10 C. 17; Steel *v.* Steel, 1 C. 154; Todd's Appeal, 12 H. 431.

*Edwin W. Jackson* for the defendant in error.—When the defendant's policy expired, he ceased to be a member of the plaintiff company, but was liable to assessments for the payment of losses and expenses incurred during the term of his membership, and these assessments in number and amounts were in the reasonable discretion of the company: Akers *v.* Hite, 13 Norris 394; Rosenberger *v.* Ins. Co., 6 Norris 207. No action, therefore, accrued on defendant's policy for assessments until an assessment was levied and notice thereof given to the insured, and not until that time could the Statute of Limitations commence to run: Howland *v.* Cuykendall, 40 Barb. 320: Hope Ins. Co. *v.* Weed, 28 Conn. 51; Slater Mut. Ins. Co., 10 R. I. 42; Bigelow *v.* Libby, 117 Mass. 359; Scovill *v.* Thayer, 105 U. S. 143.

The most that can be predicated of all the cases cited by the defendant is that where the liability of a party to a simple contract is absolute for the payment of a definite sum when demanded, the demand must be made within six years from the date of the contract. That this doctrine has been materially modified is shown by this court in Girard Bank *v.* Bank of Penn Township (3 Wright 92) and in Finkbone's Appeal (5 Norris 368), where Laforge *v.* Jayne is said to be overruled. But the doctrine in its broadest form does not cover our case. Here much more than a demand was necessary; before action brought an assessment must be made, after the happening of the contingency authorizing it, and notice given to the defendant demanding payment of the assessment. The

[Smith *v*. Bell.]

case is clearly ruled by Howland *v*. Cuykendall and the other cases cited in the same connection.

Mr. Justice TRUNKEY delivered the opinion of the court, November 10th, 1884.

The defendant concedes that he was not bound for any certain sum of money, that his liability was conditional, and that no action accrued against him until an assessment made in accordance with the charter of the company. He contends that the plaintiff was bound to levy all assessments for losses and expenses which occurred during his membership, within six years from the expiration thereof, and that he may avail the bar of the statute of limitations against any assessment made more than six years after the policy had expired. Thus the single question is presented whether, upon contracts of the nature of the one in suit, the statute begins to run before an action has accrued.

Where a man contracts to pay another a sum of money on demand, he may be sued immediately, the suit itself being a sufficient demand. But if the defendant's liability depends on the performance of a condition, until it be performed, no action will lie. When a note is given to a mutual insurance company to stand in the place of capital, and the time for requiring payment is left to the uncontrollable will of the company, it is payable on demand, and the statute bars a suit commenced more than six years after the date of the note: Howland *v*. Edmonds, 24 N. Y. 307. In that case the difference was defined between the note in suit and a note given to a mutual insurance company for a policy, as an engagement to pay the proportion of the losses, not exceeding the nominal amount of the note; no action being maintainable on the latter until after an assessment to ascertain the proportion. It was vain to note the difference, or to inquire when an action would accrue, unless the statute would not begin to run until there would be a right to begin suit.

When subscription was made to a capital stock of a corporation, payable in such proportion and at such times as should be determined by the president and managers, the charter providing that if any proportion be not paid within thirty days after notice, the company may bring suit therefor, it was decided that no action was maintainable until the proportion and time for payment had been determined and the requisite notice given, and therefore, the statute of limitation did not begin to run until the plaintiff had a right to sue: Sinkler *v*. Turnpike Co., 3 P. & W. 149. Subscribers to capital, upon payment of twenty per cent. on their shares, agreed with the corporation that no further assessment should be

made thereon, and certificates for full paid shares were issued to them. The corporation was adjudicated a bankrupt, and to satisfy the claims of its creditors it became necessary to assess the unpaid stock. It was held that the agreement, though binding the parties, was void as to creditors of the corporation; that before the assignees in bankruptcy could maintain an action against the stockholder, there must be some proceeding in the proper court in the interest of the creditors; and until order by such court and assessment, or an authorized demand upon the stockholder, no cause of action accrues against him by the assignees, and the limitation provided in the Bankrupt Act does not begin to run: Scovill *v.* Thayer, 105 U. S. 143.

The doctrine of the foregoing cases is not only applicable to an agreement by the insured to pay his proportion of the losses and expenses to the insurer, but it has been enforced in other states where the question has arisen. A sufficient answer to the plea of the statute of limitations is, that the note was not payable at once, or on demand, but is payable by instalments, upon the happening of a loss and assessment therefor; and so, until an assessment is made, the statute does not begin to run: In the matter of Slater Mutual Fire Insurance Co., 10 Rhode Isl. 42; Bigelow et al. *v.* Libby, 117 Mass. 359. The same principle was ruled, though the action was not on a premium note, in Hope Mutual Life Insurance Company *v.* Weed, 28 Conn. 51. In New York it was decided by the Supreme Court, that the liability of the maker of a premium note given to a mutual insurance company, payable "in such portions and at such times as the directors may agreeably to their charter and by-laws require," is not absolute but conditional; and the cause of action is not perfect until an assessment, and notice thereof given to the maker, and an action thereon will not be barred by the statute of limitations until six years from that time: Howland, Receiver, *v.* Cuykendall, 40 Barb. 320. This decision was not by the Court of Appeals, but it seems to have been accepted as sound.

To repel the current of authority the defendant referred to · Laforge *v.* Jayne, 9 Pa. St. 412; Pittsburgh & Connelsville R. R. Co. *v.* Byers, 32 Id. 22; Morrison's Adm'r *v.* Mullen, 34 Id. 12, and Codman *v.* Rogers, 10 Pick. 112. It is only necessary to refer to Girard Bank *v.* Bank of Penn Township, 39 Pa. St. 92, to learn how inapplicable those cases are to cases "between an ordinary debtor and creditor, or depositor and depositary, or bailor and bailee for custody" or, it may be added, between insured and insurer in an action on a conditional premium contract. In Finkbone's Appeal, 86 Id. 368,

Laforge v. Jayne is mentioned as overruled. Codman v. Rogers was no authority against the adjudication in Bigelow et al. v. Libby, for the principle involved in the former case did not touch the latter. Lapse of time with other circumstances may sometimes be sufficient to warrant an inference of payment, or the abandonment of a contract, or to induce a chancellor to dismiss a bill because the plaintiff's claim is stale and inequitable; but such cases do not overthrow the established rule, that the statute of limitations is no bar to an action brought within six years of the date when the claim became suable. To hold that the statute is a bar to the plaintiff's claim on the ground that demand should have been made within six years, would be equivalent to converting this conditional contract dependent on the happening of losses, into an absolute contract to pay a certain sum on demand.

Judgment affirmed.