(32 Misc. Rep. 591.)

### RAEGENER v. MEDICUS et al.

(Supreme Court, Trial Term, New York County. October, 1900.)

LIMITATION OF ACTIONS—FIRE INSURANCE COMPANY—CAPITAL STOCK NOTE—INSURANCE LAW.

A capital stock note payable to a stock fire insurance corporation was made subject to Laws 1892, c. 690, providing that such notes shall remain as security for losses and claims until the accumulated profits shall equal the cash capital required to be possessed by such corporations, the liability decreasing as the profits accumulate; that, when necessary, there shall be an assessment to pay losses; that notice of such assessment shall be given to the maker, and personal demand made on him; and that, on failure to pay the assessment after the expiration of 30 days from such notice and demand, suit may be maintained on the note,—and also subject to the by-laws of said corporation, printed on the back of the note, prescribing the manner, method, and amount of the assessment. *Held*, that the ascertainment of losses which the corporation was unable to pay, with the assessment, notice, and demand, were conditions precedent to a suit on the note, and, since a right of action did not accrue until 30 days after such notice and demand, limitations did not commence to run until the expiration of such time.

Action by Louis C. Raegener, as receiver of the Equitable Mutual Fire Insurance Company of New York, against Henry W. Medicus and others, on a capital stock note. Judgment for plaintiff.

Wallach & Cook, for plaintiff.

Manice, Abbot & Perry, for defendants.

McADAM, J. The action is on a capital stock note made by the defendants to the Equitable Mutual Fire Insurance Corporation of New York, February 8, 1894, prior to its organization, whereby the defendants on demand promised to pay $400 to the said corporation, "subject to the conditions and obligations of the insurance law of the state of New York (chapter 690, Laws 1892) and the by-laws of the said corporation, printed on the back of this note." More than six years elapsed after the date of the note before this suit was brought, and the question is whether the claim is barred by the statute of limitations.

If the note had been an ordinary one, payable on demand, the statute would have undoubtedly begun to run from its date. Wheeler v. Warner, 47 N. Y. 519, 7 Am. Rep. 478; De Lavallette v. Wendt, 75 N. Y. 579; McMullen v. Rafferty, 89 N. Y. 456. Does payment subject to the conditions and obligations of the insurance law and the company's by-laws, printed on the back of the obligation, except this case from the general rule? The provisions of the insurance law printed on the back of the note in question, and which are here relevant, are as follows:

"All capital stock notes of any domestic mutual fire insurance corporation shall remain as security for all losses and claims, until the accumulation of profits invested as required by law shall equal the amount of cash capital required to be possessed by stock fire insurance corporations, the liability of each note decreasing proportionately as the profits are accumulated." Section 113.

"The directors shall, as often as they deem necessary, after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, or after the rendition of any judgment against the corporation for loss or damage, settle and determine the sums to be paid by the several members thereof as their respective portion of such loss, and publish the same in such manner as they shall see fit or as the by-laws shall have prescribed. The sum to be paid by each member shall always be in proportion to the original amount of his note or notes, and shall be paid to the officers of the corporation within thirty days next after the publication of such notice. If any member shall for the space of thirty days after such publication, and after personal demand for payment shall have been made, neglect or refuse to pay the sum so assessed upon him, the directors may sue for and recover the whole amount of his note or notes, but execution shall only issue for assessments and costs as they accrue, and every such execution shall be accompanied by a list of the losses for which the assessment is made." Section 116.

And an extract from the company's by-laws, printed on the back of the note, prescribes the manner, method, and amount of the assessment. That the statute of limitations shall begin to run in favor of the debtor in any case, it is necessary that a present cause of action shall accrue in favor of the creditor. Gilbert v. Taylor, 148 N. Y. 298, 42 N. E. 713. Can it be said that a cause of action accrued in favor of the corporation against the makers of the note on February 8, 1894, the date of the note? Assuredly not. The terms of the statute incorporated in the contract provided that the note should remain as security for losses and claims until the accumulated profits should equal the cash capital required to be possessed by stock fire insurance corporations, the liability decreasing as the profits accumulated; that, when necessary, there should be an assessment to pay losses; that notice of such assessment should be given to the maker, and personal demand made upon him; and that, upon failure to pay the assessment after the expiration of 30 days from such notice and demand, a suit was maintainable on the note. It is apparent, therefore, that the losses which the company was unable to pay with cash receipts were first to be ascertained, and with assessment, notice, and demand, were conditions precedent to suit on the note. On April 30, 1896, the plaintiff, upon whom the power and duty of making assessments devolved by law (Savage v. Medbury, 19 N. Y. 32), made and levied an assessment of 60 per cent. upon the note in suit, and on the following day gave notice to and made personal de-

mand upon the makers for the amount of said assessment. In 30 days after such notice and demand, and not until then, did a cause of action accrue on the note. Howland v. Cuykendall, 40 Barb. 320; Bigelow v. Libby, 117 Mass. 359; In re Slater Mut. Life Ins. Co., 10 R. I. 42; Ang. Lim. § 113. In this respect the case differs essentially from White v. Haight, 16 N. Y. 310. There the note was given under a statute (Laws 1849, c. 308) which provided (section 5) that it "shall be deemed valid, and shall be negotiable and collectible for the purpose of paying any losses which may accrue or otherwise." That note was payable absolutely and at all events; this note was payable upon a contingency, and was in no sense negotiable. Laws 1897, c. 612, § 20.

There must be judgment for plaintiff.