(32 Misc. Rep. 658.)

RAEGENER v. TYNBERG et al.

(Supreme Court, Trial Term, New York County. November 2, 1900.)

2. SAME—AGENCY—IMPLIED AUTHORITY.
    Where a stockholder of a fire insurance company deposited with the company a capital stock note, agreeably to 2 Rev. St. (Banks & Bros.' 9th Ed.) p. 1178, § 113, declaring that such a note shall remain as security for losses until the accumulation of profits shall equal the amount of capital required, it was no defense to an action on the note by a receiver of the company that it had been paid to an agent who had authority to issue policies and receive premiums, the note never having been in his possession, nor express authority to receive payment shown, since such agent had no implied authority to receive the payment.

Action by Louis C. Raegener against Morris A. Tynberg and others. Verdict in favor of plaintiff, and motion for a new trial denied.

Wallach & Cook, for plaintiff.
James, Schell & Elkus, for defendants.

McADAM, J. The capital stock note sued on was made by the defendant, and delivered to the Equitable Mutual Fire Insurance corporation on its incorporation, agreeably to the direction of the statute that it "shall remain as security for all losses and claims until the accumulation of profits invested as required by law shall equal the amount of the capital required to be possessed by stock fire insurance corporations," etc. 2 Rev. St. (Banks & Bros.' 9th Ed.) p. 1178, § 113. It was not the ordinary demand note, but one payable upon a contingency which happened when the plaintiff, as

receiver, levied an assessment upon the note; and the statute of limitations commenced to run only from that time, so that its oper-ation never affected the obligation. Raegener v. Medicus (Sup.) 66 N. Y. Supp. 460. As to the alleged payment of the note there are two legal objections: (1) There was no proof of express authority on the part of Ward Phillips to receive payment thereof, and the fact that he had power to issue policies and receive premiums thereon does not carry with it implied authority to receive payment of a capital stock note given under the statutory provision before re-ferred to, when said note was never intrusted to his possession or control. Smith v. Kidd, 68 N. Y. 130; Crane v. Gruenewald, 120 N. Y. 274, 24 N. E. 456; Trust Co. v. Folsom, 26 App. Div. 40, 49 N. Y. Supp. 670; Frank v. Tuozzo, 26 App. Div. 447, 50 N. Y. Supp. 71. (2) An agent has no implied authority to collect a note or bond before it becomes due. Story, Ag. (7th Ed.) § 98; Smith v. Kidd, supra; Fellows v. Northrup, 39 N. Y. 121; Doubleday v. Kress, 50 N. Y. 410. The direction to find for the plaintiff was right, and the motion for a new trial must be denied, without costs.