(67 App. Div. 127.)

RAEGENER v. MEDICUS et al.

(Supreme Court, Appellate Division, First Department. December 20, 1901.)

INSURANCE COMPANIES—STOCK NOTES—STATUTE OF LIMITATIONS—ACCRUAL OF CAUSE OF ACTION—ASSESSMENT AND NOTICE.

    Laws 1892, c. 690, § 111, provides that capital stock notes of domestic mutual fire insurance corporations shall be payable in part or in whole at any time the directors shall deem necessary for the payment of losses or incidental expenses. Section 113 provides that such notes shall re-

main as security for all losses and claims until the accumulation of profits invested as required by law shall equal the amount of capital required to be possessed by stock fire insurance companies. Section 16 provides that the board of directors shall assess the sums to be paid by the several members of the corporation as their proportion of any loss or claim, and shall give notice of such assessment in such manner as they see fit, or as prescribed in the by-laws of the corporation. *Held*, that the right of action on a demand note given to a mutual fire insurance corporation organized under Laws 1892, c. 690, prior to its incorporation, in payment for capital stock, did not accrue until after the assessment and notice required by a by-law of the corporation printed on the back of the note, so as to be barred by the statute of limitations.

Appeal from trial term, New York county.

Action by Louis Raegener, as receiver of the Equitable Mutual Fire Insurance Corporation of New York, against Henry W. Medicus and another. From a judgment for plaintiff (66 N. Y. Supp. 460), defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Everett V. Abbot, for appellants.
Alfred A. Cook, for respondent.

LAUGHLIN, J. The Equitable Mutual Fire Insurance Corporation of New York was duly incorporated as a mutual fire insurance company on the 7th day of April, 1894, pursuant to the provisions of the insurance law (chapter 690, Laws 1892). The action is brought to recover on a capital stock note made by the defendants prior to such incorporation, and on the 8th day of February, 1894, whereby on demand they promised to pay to the order of the Equitable Mutual Fire Insurance Corporation, at its office in the city of New York, the sum of $400, for value received. It was expressly provided on the face of the note that the payment thereof was "subject to the conditions and limitations of the insurance law of the state of New York (chapter 690, Laws 1892) and the by-laws of the said corporation printed on the back of this note." The action was not brought within six years after the date of the note, and the sole question for our determination is whether the six-year statute of limitations applies.

Section 111 of the insurance law provided with reference to notes of this character as follows:

"Such notes shall be called capital stock notes and shall be payable in part or in whole at any time when the directors shall deem the same necessary for the payment of losses and such incidental expenses as may be necessary for transacting the business of the corporation."

Section 113 provided that:

"All capital stock notes of any domestic mutual fire insurance corporation shall remain as security for all losses and claims, until the accumulation of profits invested as required by law shall equal the amount of cash capital required to be possessed by stock fire insurance corporations, the liability of each note decreasing proportionately as the profits are accumulated."

The conditions which justified directors in requiring payment of capital stock notes in whole or in part, and the manner in which this shall be done, were prescribed in section 16 of the insurance law.

It was therein provided that the directors should, as often as they deemed necessary, "after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, or after the rendition of any judgment against the corporation for loss or damage, settle and determine the sums to be paid by the several members thereof as their respective portion of such loss and publish the same in such manner as they shall see fit or as the by-laws shall have prescribed." It was further therein provided that the sum to be paid by each member should be in proportion to the original amount of his note or notes, and should be paid within 30 days after the publication of such notice, and that, in case of neglect or refusal "to pay the sum so assessed upon him after the lapse of thirty days after personal demand for payment shall have been made," the directors might "sue for and recover the whole amount of his note or notes with costs of suit but execution shall only issue for assessment and costs as they accrue and every such execution shall be accompanied by a list of the losses for which the assessment is made." No assessment was made until after the appointment of the receiver, who on the 30th day of April, 1896, made and levied an assessment of 60 per cent. of the face value of the capital stock notes to meet the liabilities incurred by the corporation, and the incidental expenses of the receivership. A by-law of the corporation printed on the back of the note provided that in case it should be necessary for the payment of losses, or for the necessary incidental expenses of transacting the business of the corporation, the board of directors should, at a regular or special meeting, determine the amount of the assessment that should be made upon the amount of the capital stock notes of the corporation, and make such assessment, and settle and determine the sums to be paid by the several members of the corporation as their respective portion, which should be in proportion to the original amount of their note or notes, and that thereupon the secretary should notify in writing each maker of the amount due on his note under such assessment, which amount should be payable at the office of the company within 30 days after the mailing of such notice.

The appellants contend that this note became at once due and payable, absolutely and without demand. They invoke the application of the rule laid down with respect to premium notes given on the organization of mutual fire insurance companies, pursuant to the provisions of section 5 of chapter 308 of the Laws of 1849, which provided that such notes "shall be considered a part of the capital stock, and shall be deemed valid, and shall be negotiable and collectible for the purpose of paying any losses which may accrue or otherwise." Such notes were held to be negotiable and payable absolutely, without any assessment and without demand. Deraismes v. Insurance Co., 1 N. Y. 371; Brown v. Crooke, 4 N. Y. 51; Howland v. Edmonds, 24 N. Y. 307; White v. Haight, 16 N. Y. 317. But premium notes given subsequently to the formation of such corporations, unless the by-laws provided otherwise, were payable only after an assessment had been levied. Savage v. Medbury, 19 N. Y. 32; Howland v. Cuykendall, 40 Barb. 320. It will be observed that the

language of the act of 1849 differs materially from the provisions of the insurance law applicable to the note in suit. The provisions of the statute with reference to the liability of the makers and the manner of enforcing the same at the time this note was given are the same, so far as applicable to the question now presented, as those contained in many special charters granted by the legislature prior to 1849, which were construed as requiring the levy of an assessment as a condition precedent to maintaining a cause of action upon the notes. Laws 1836, cc. 41, 67, §§ 6, 8, 10; White v. Haight, supra; Savage v. Medbury, supra; Howland v. Edmonds, supra. Nor was the authority to levy an assessment absolute. It could only be exercised for the purpose specified in the statute, and when necessity therefor arose. Raegener v. Willars, 44 App. Div. 41, 60 N. Y. Supp. 478. The provisions of the insurance law quoted make it quite plain that it was the intention of the legislature to allow these capital stock notes to stand as security for losses and claims until the accumulation of profits equaled the amount of cash capital required to be possessed by stock fire insurance corporations, and that they were to become due and payable only when necessary to meet current obligations or liabilities. No cause of action accrued to the corporation thereon until after an assessment and notice or demand. This construction is also supported by the principle laid down by the court of appeals in Williams v. Taylor, 120 N. Y. 244, 24 N. E. 288. It follows necessarily that the statute of limitations, which would bar the action if the note were an ordinary promissory note payable on demand (Wheeler v. Warner, 47 N. Y. 519, 7 Am. Rep. 478), has not run against the liability of the defendants on the note in suit.

The judgment should be affirmed, with costs. All concur.