## Schofield, Receiver, *v.* Turner, Appellant.

*Statute of limitations—Mutual insurance companies—Receivers—Assessment.*

The statute of limitations begins to run in favor of a member of a mutual insurance company against his liability to pay an assessment to the receiver of the company, from the date of the decree of court authorizing the assessment, and not from the date of the declared insolvency of the company.

Argued April 25, 1905. Appeal, No. 111, April T., 1905, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 866, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles S. Schofield, Receiver of the Ætna Mutual Live Stock Insurance Company, v. Alfred Turner. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover an assessment.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment.

*D. C. Jennings* and *W. K. Jennings*, for appellant, cited: Swearingen v. Dairy Co., 198 Pa. 68; Franklin Savings Bank v. Bridges, 20 W. N. C. 43.

*Pier Dannals*, with him *Charles S. Schofield*, for appellee, cited: Smith v. Bell, 107 Pa. 352.

OPINION BY BEAVER, J., May 17, 1905:·

Upon the application of the attorney general of the commonwealth, the Ætna Mutual Live Stock Insurance Company was, on June 29, 1895, declared insolvent by the court of common pleas of Dauphin county, and Charles S. Schofield, the plaintiff here, appointed receiver of said company. On November 18, 1896, upon the application of the said receiver, the same court, in a decree of that date, ordered that the said receiver " be and he is hereby authorized to levy and collect an assessment and assessments upon the outstanding policies of the said company in force on the dates of the respective losses according to the following sehedule," which is fully set forth in the said decree.

For the recovery of the assessments alleged to be due from the defendant upon sundry policies or certificates of membership held by him in said company at the time of its insolvency, the receiver brings this suit. An affidavit of defense was filed and, upon the consideration of a rule to show cause why judgment should not be entered for want of its sufficiency, the said rule was made absolute.

The defendant bases his allegation of error in entering the said order or decree upon the single ground that the statute of limitations began to run against said claim for assessments at the date of the declared insolvency of the company; which would bar recovery, and not at the date of the decree authorizing the levy of the assessments, which if that be the time at which the statute began to run, it is admitted the suit is in time. This is the only question in the case.

Smith v. Bell, Receiver, 107 Pa. 352, is directly in point and practically rules this case. That, it is true, was a case stated in which the liability of the defendant to pay an assessment levied by a receiver of an insolvent mutual insurance company, by virtue of a decree of court more than six years after the policy expired, was involved, but it is in no essential particular different from the case we are considering. In that case Mr. Justice TRUNKEY, after marshaling the authorities, says: " Lapse of time, with other circumstances, may some times be sufficient to warrant an inference of payment or the abandonment of a contract, or to induce a chancellor to dismiss a bill, because the plaintiff's claim is stale and inequitable; but such cases do not overthrow the established rule, that the statute of limitations is no bar to an action brought within six years of the date when the claim became suable."

In the present case the simple test is, when did the claim become suable ? Clearly not at the date of the declared insolvency, when the receiver was appointed, for at that time the losses had not been ascertained, nor had the assets applicable to their payment. The receiver could not levy an assessment of his own motion or upon his own authority. He was the creature of the court, acting under its authority. It was, therefore, necessary for him to secure the decree of the court authorizing such an assessment. When this was entered in due form, the assessment became suable, not before. The statute, therefore, began to run at the date of the decree authorizing the assessment and not from the date of declared insolvency.

As in Smith v. Bell, 107 Pa. 352, the defendant sought to use Pittsburg & Connellsville Railroad Co. v. Byers, 32 Pa. 22, and similar cases to support his position, so here the defendant cited, in support of his position, Swearingen v. Dairy Co., 198 Pa. 68, but the analogy is no more apparent in the one case than in the other.

Judgment affirmed.